Nicholson, C. J.,
delivered the opinion of the Court.
Sarah Winstead, widow of Samuel Winstead? *117 deceased, intermarried with Jeremiah Stephenson, in February, 1855. Before the marriage, they entered into a marriage ■ contract, whereby ¥m. Harrison, Sr., was appointed their trustee. She conveyed to him all of her estate, with power to control and manage the same. She reserved the power to sell and invest and re-invest as she might choose. One half of the net proceeds of her property was to be paid to her husband Stephenson during Ms life, and she retained the power to dispose of her property, by deed or will.
Wm. Harrison accepted the trust, and acted as trustee down to the death of Sarah Stephenson, in April, 1862. In April, • 1854, she made her will, in which she appointed Wm. Harrison, Sr., her executor, and in 1862, upon her deaths he qualified as such, and died in 1865, intestate.- A. Thomas and Wm. Harrison administered on Ms estate.
■ Upon the death of Wm. Harrison, Sr., Wm. P. Smith was appointed administrator with the will annexe^ of Sarah Stephenson.
The original bill is filedUoy Wm. Smith as administrator with the will annexed of Sarah Stephenson, against A. Thomas and Wm. Harrison, administrators of Wm. Harrison, Sr., deceased, to make them account for his administratio»*<of the trust under the marriage settlement, also for an account of his trust as executor of Sarah Stephenson, deceased.
A. Thomas and Wm. Harrison, administrators of Wm. Harrison, Sr., file theii> cross-bill against Wm. P. Smith as administrator, etc., and all the legatees *118 and devisees of Sarah Stephenson, deceased, alleging that ¥m. Harrison, Sr., as trastee nnder the marriage contract, had settled annually with Sarah Stephenson and her husband, Jeremiah Stephenson, for the annual proceeds of the trust property, relying upon those settlements as conclusive as to Ms administration of the trust under the marriage contract, and asking an account in which they claim additional allowances and credits for their intestates, both as to his trusteeship under the marriage and his executorship.
The record shows that ¥m. Harrison, Sr., as trustee, made annual settlements as alleged.
' By the fourth clause in the will of Sarah Stephenson it appears, that at her death she directed her executor to collect and sell the whole of the balance of the estate, property, money, choses in action, etc., the disposition of which she reserves the right to make thereafter by will under the marriage contract.
After all the answers were filed, and the proof taken, an interlocutory decree was made, by which it was determined that the settlements made by ¥m. Harrison, Sr., of his trusteeship, with Jeremiah Stephenson, was conclusive as to him, he being sui juris, but that the settlements made with Sarah Stephenson were not conclusive as to her. It was further decreed that the Clerk and Master take and state an account with A. Thomas and ¥m. Harrison, administrators of ¥m. Harrison, Sr., as to his administration of the trust under the marriage contract, and his administration of his executorship under the *119 will of Sarah Stephenson, with, detailed instructions as to the manner of taking the account.
, From this interlocutory decree, the Chancellor allowed the administrators of ¥m. Harrison, Sr., to appeal to this Court.
Several questions are discussed before us, which we are called on to determine:
1st. It is insisted for the appellants, that the original bill should be dismissed, for the reason that the administrator with the -will annexed of Sarah Stephenson, had no right to call them to account for the administration of the trust under the marriage contract by their intestate, or of his administration of the estate, as executor of Sarah Stephenson, except as to so much thereof as was unadmin-istered at his death. This principle of law is conceded by the counsel for the administrators with the will annexed of Sarah Stephenson; but they insist that the principle does not apply to the case before the Court. They rely upon the fact, that by the terms of the marriage contract the title to all the property was vested in ¥m. Harrison, Sr., as trustee, and it was so vested, until Mrs. Stephenson’s death, when her will took effect, by the fourth clause of which all her estate, including money, choses in action, etc., passed to ¥m. Harrison, Sr., as her executor, to be administered as such. Hence it is insisted, and we think correctly, that* complainants in the original bill had the right to call the administrators of ¥m. Harrison, Sr., to account for the unadministered assets which were in his hands as executor, and that *120 tliis investigation properly involved an inquiry as to his administration of the trusts under the marriage contract, which, by the terms of the fourth clause of the will, devolved upon him as executor. To ascertain what property, money, choses in action, etc., were in his hands as trustee, at the death of Sarah Stephenson, an inquiry was necessary and proper, for the purpose of ascertaining what property, money, choses in action, etc., came into his hands as executor to be administered, and what portion thereof remained nnadministered at his death. The position, therefore, that the original bill ought to be dismissed, is not well taken.
2d. It is insisted for the appellants, that the Chancellor was in error in holding that the settlements made annually by Vm. Harrison, Sr., as trustee, with Sarah Stephenson, as to the rents and hire of • the trust properly, were not conclusive. It is argued, that as the Chancellor held, that similar settlements, made with Jeremiah Stephenson, were conclusive as to him,, he ought to have held the same as to settlements made with Sarah Stephenson, his wife. The fact that she was a married woman at the times when the settlements were made, and the additional fact, that Vm. Harrison, Sr., was her trustee, furnishes satisfactory reasons why the settlements as to one might be regarded as conclusive, but not so as to the other. The settlements made with Sarah Stephenson shoidd be held and regarded as prima fade correct and binding, but subject to be impeached by proof for incorrectness.
*121 3d. The details as to the taking tke account are sáid to be incorrect. We are unable to see any principles, settled in these details, which we can now declare to be erroneous. The interlocutory decree is made upon the cross-bill of the administrators of Wm. 'Harrison, Sr., and, as we understand the same, it authorizes an investigation as to all the matters on which they seek by their cross-bill to have relief.
4th. It is insisted for the defendants to the cross-bill, that the appeal from the interlocutory decree was. erroneously allowed, for the reason, that the decree does not settle the. principles involved in the case..
The cross-bill proceeds upon the ground, that the annual settlements are to be regarded as conclusive, and not subject to be opened and re-examined. This was the principle involved in the case, and that having been settled by the decree, we think there was no error in allowing the appeal.
The cause will be remanded to the Chancery Court to be proceeded in, when the account will be taken as ordered in the decree below, except as the same may be. modified as indicated in this opinion.
The costs of this Court will be paid by the appellants.